UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

SEAN T WHITE

CASE NO.: 6:15-bk-09973-KSJ
Chapter 13

Debtor.

---

**DEBTOR'S MOTION TO ENFORCE MODIFICATION, FOR ACCOUNTING OF PAYMENTS MADE TO CREDITORS, AND TO MODIFY CONFIRMED CHAPTER 13 PLAN**

Debtor. Seam T White ("Debtor"), by and through undersigned counsel and pursuant to Fed.R.Bank.P. 9013, hereby move this court for the entry of an order (a) enforcing a modification with Caliber Home Loans ("Caliber") and to require a permanent modification; (b) requiring the Chapter 13 Trustee to provide an accounting of all amounts paid to creditors; and (c) modifying Debtor's Chapter 13 Confirmed Plan to permit mortgage payments to Caliber, and would show:

1. Debtor initiated this proceeding on November 25, 2015 (the "Petition Date") by filing for relief under Chapter 13 of title 11 of the United States Bankruptcy Code.

2. Debtor listed his real property located at 1000 Doyle Road, Deltona, FL 32725 (the "Property") as exempt on Schedule C. [Dkt. 1, p.14]

3. At the time the Debtor filed his Chapter 13 Plan (the "Plan"), the debt which was

held by Ocwen and was listed in the Section 5(B) of the Plan under "Claims Secured by Real Property/Debtor intends to seek Mortgage Modification." [Dkt. 2, p.2]. This was a payment in the amount of $2100.00.

4. Caliber entered its appearance as the servicer on this loan on May 27, 2016.

5. Debtor sought mortgage modification through the court's mortgage modification mediation system. A Trial Mortgage Modification was offered and accepted prior to the scheduled mediation. This offer was made by Caliber.

6. The agreement that was reached by the parties was approved by this court in its *Order Granting Motion for Approval of Temporary Mortgage Modification Mediation Agreement* (Doc 19) on May 18, 2016.

7. On June 15, 2016, this Court entered its *Order Confirming Chapter 13 Plan* (Doc 23).

8. The Debtor complied with the Trial Modification Agreement and made their fist three payments timely to the Trustee.

9. Debtor signed the modification agreement on August 22, 2016 and sent it directly to Caliber as shown on page 5 of the Trial Agreement (Exhibit A).

10. Debtor continued to make payments to the Chapter 13 Trustee in the amount of $2,302.00 and $1,964.54 (modification agreement amount) has been sent monthly to Caliber by the Trustee with no missed payments as shown in the Trustee Account Ledger (Exhibit B).

11. It is the Debtor's understanding this entire time that Caliber received his signed

modification agreement and that since he paid all three trail payments on time, he would be approved for a permanent modification as stated within the Trial Agreement (Exhibit A).

12. Debtor emailed the singed Trial Modification Agreement to calibermods@caliberomeloans.com (Caliber modification email address) on Monday, August 22, 2016 at 4:54 PM (Exhibit C).

13. Clearly, the Debtor intended to pay Claim 4-2 through the Trustee as they included Claim 4-2 in their Plan, they sought mortgage modification and the Court granted said modification.

14. Debtor intend to keep the Property and finalize the permanent loan modification that was agreed on by involved parties.

15. Finally, it is evident that the Debtor is acting in good faith as he has complied with payments without need for any judicial interference. For the reasons set forth in the procedural history and here, it is evident that excusable neglect exists.

16. Accordingly, the debtor should receive a permanent modification, the Trustee should be ordered to provide an accounting of all payments made to date under the subject Plan and the Plan should be modified to reelect the correct payments that has been made by the debtor.

WHEEFORE, Debtor request that this Honorable Court enter an order:

(a) enforcing a permanent modification with Caliber Home Loans ("Caliber");

(b) requiring the Chapter 13 Trustee to provide an accounting of all amounts paid to creditors; and

(c) modifying Debtor's Chapter 13 Confirmed Plan to permit mortgage payments to

Caliber; and

(d) for any other relief that this Honorable Court deems just and proper.

**(Remainder of page intentionally left blank)**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF delivery, electronic mail or regular United States First Class mail to: **Laurie K Weatherford,** Standing Chapter 13 Trustee, P.O. Box 3450, St. Winter Park, FL 3279, **Caliber Home Loans, Inc.,** 13801 Wireless Way, Oklahoma City, OK 73134, **Sean T White**, 1000 Doyle Road, Deltona, FL 32725 and on the parties indicated on the attached mailing matrix on this 25th day of June, 2018.

/s/ Mark P. Stopa, Esq.
Mark P. Stopa, Esq.
FBN: 550507
STOPA LAW FIRM
2202 N. Westshore Blvd., Ste. 200
Tampa, FL 33602
Telephone: 727-851-9551
Fax: 727-851-9557
bankruptcy@stopalawfirm.com
Counsel for Debtor(s)