UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

CASE NO.: 6:15-bk-09973-KSJ

SEAN T WHITE
AKA SEAN THOMAS WHITE

CHAPTER: 13

Debtor(s).
_______________________________________/

**AGREED JOINT MOTION FOR**
**APPROVAL OF A PERMANENT MORTGAGE MODIFICATION AGREEMENT**
*RE: Property 1000 Doyle Road, Deltona, FL 32725; loan # ***[6318])*

**TO THE HONORABLE JUDGE OF SAID COURT:**

**SECURED CREDITOR,** CALIBER HOME LOANS, INC. SERVICER FOR U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST ("MOVANT"), and Debtor, by and through their undersigned counsel, and file this Agreed Joint Motion for Approval of a Permanent Mortgage Modification Agreement, and in support state:

1. On November 25, 2015, the above Debtor(s) filed a Voluntary Petition for Relief pursuant to Chapter 13 of the United States Bankruptcy Code.
2. The Bankruptcy Trustee for case 8:18-bk-08436-RCT for STAY IN MY HOME, P.A. has consent to releasing this case from the automatic stay via email on October 24, 2018.
3. Debtors sought a mortgage modification with Caliber Home Loans, Inc.
4. Caliber Home Loans, Inc. has offered the Debtors a loan modification, and the Debtors have accepted the terms, as set forth in the attached Loan Modification Agreement.
5. The modified payment is $1,596.71 of which $843.65 is principal and interest and the balance includes escrow for taxes and insurance, and shall begin on December 1, 2018.
6. The "New Principal Balance" on the note is $255,824.51, which shall be amortized as set forth below:

Summary of the Initial Modification Period Payments:

| | |
|---|---|
| Modified Unpaid Principal Balance: | $255,824.51 |
| Modified Interest Rate: | 2.50% |
| Modified Monthly Principal and Interest Payment: | $843.65 |
| Monthly Escrow Payment (Taxes and Insurance)*: | $753.06 |
| **Total Modified Monthly Payment:** | **$1,596.71** |
| **First Modification Payment Date:** | **12/1/2018** |
| **Maturity Date:** | **11/1/2058** |

| Years | Interest Rate | Interest Rate Change Date | Monthly P+I Payment | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment | Payment Start Date | Number of Payments |
|---|---|---|---|---|---|---|---|
| 1-5 | 2.50% | 11/1/2018 | $843.65 | $753.06<br><br>May adjust periodically | **$1,596.71**<br><br>May adjust periodically | **12/1/2018** | 60 |
| 6 | 3.50% | 11/1/2023 | $975.33 | May adjust periodically | May adjust periodically | 12/1/2023 | 12 |
| 7 | 4.50% | 11/1/2024 | $1,113.68 | May adjust periodically | May adjust periodically | 12/1/2024 | 12 |
| 8-Maturity | 5.125% | 11/1/2025 | $1,202.72 | May adjust periodically | May adjust periodically | 12/1/2025 | 396 |

6. Payments to the Chapter 13 Trustee constitute timely payments to Caliber Home Loans, Inc.

WHEREFORE, Movant requests an order granting this motion, ordering that payments to the Chapter 13 Trustee constitute timely payments to Caliber Home Loans, Inc., and granting such other relief deemed appropriate in the circumstances.

/s/ Christopher Hixson, Esq.
Athena Law, PLLC
13272 112th St.
Largo, FL 33778

/s/ BRIAN L. ROSALER
POPKIN & ROSALER, P.A.
1701 West Hillsboro Boulevard, Ste 400
Deerfield Beach, FL 33442

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the MIDDLE District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in the Local Rules.

**POPKIN & ROSALER, P.A.**
Attorney for Secured Creditor
1701 West Hillsboro Boulevard, Ste 400
Deerfield Beach, FL 33442
Telephone: (954) 360-9030
Facsimile: (954) 420-5187
bankruptcy@popkinrosaler.com

By: /s/ BRIAN L. ROSALER
**BRIAN L. ROSALER**
Florida Bar No.: 0174882

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served on this this 25 day of October , 2018 by electronic notice if registered in the Electronic Case Filing system, otherwise by regular U.S. Mail to:

Sean T White
1000 Doyle Road
Deltona, Fl 32725

Christopher L. Hixson, Esq.
Athena Law, Pllc
13272 112th St.
Largo, Florida 33778

Jordan M Finley, Esq.
Stopa Law Firm
2202 North Westshore Blvd., Suite 200
Tampa, Fl 33602

Mark P. Stopa, Esq.
Stopa Law Firm
2202 North Westshore Blvd., Suite 200
Tampa, Fl 33602

Trustee
Laurie K Weatherford
Post Office Box 3450
Winter Park, Fl 32790

U.S. Trustee
United States Trustee - Orl7/13, 7
Office Of The United States Trustee
George C Young Federal Building
400 West Washington St, Suite 1100
Orlando, Fl 32801

By: /s/ BRIAN L. ROSALER
**BRIAN L. ROSALER**
Florida Bar No.: 0174882

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

CASE NO.: 6:15-bk-09973-KSJ

SEAN T WHITE
AKA SEAN THOMAS WHITE

CHAPTER: 13

Debtor(s).
_______________________________________/

**ORDER GRANTING MOTION TO APPROVE PERMANENT MORTGAGE MODIFICATION**

This matter came before the Court:

☒ On the Creditor's Agreed Motion to Approve Permanent Mortgage Modification Agreement with Caliber Home Loans, Inc. servicer for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("Lender").

**ORDERED** as follows:

1. The Agreed Motion to Approve Permanent Mortgage Modification Agreement between the Debtor and Lender regarding real property located at **1000 Doyle Road, Deltona, FL 32725** is granted.

2. The parties are authorized to take any and all necessary actions to effectuate the terms of the Agreement.

3. Payments should be sent to Select Portfolio Servicing, Inc., PO Box 65450 Salt Lake City, UT 84165-0450

4. [For chapter 13 cases] The Debtor shall amend/modify the last filed Chapter 13 plan on or before December 1, 2018 to provide for the payment.

5. The Court reserves jurisdiction to enforce the terms of the Agreement and this Order.

###

**Submitted by:**
BRIAN L. ROSALER, Esq
POPKIN & ROSALER, P.A.
Attorney for Secured Creditor
1701 West Hillsboro Boulevard, Ste 400
Deerfield Beach, FL 33442
Telephone: (954) 360-9030
Facsimile: (954) 420-5187
bankruptcy@popkinrosaler.com

Creditor's Attorney, Brian Rosaler, shall serve a conformed copy of this Order upon all parties of interest and shall file a Certificate of Service in accordance with Local Rules.

CALIBER HOME LOANS

PO Box 24610
Oklahoma City, OK 73124-0610

10/12/2018

SEAN T WHITE
C/O ANTHONY D VAMVAS
2202 N WEST SHORE BLVD, STE 200
TAMPA, FL 33607-5749

[redacted]
1000 DOYLE RD
DELTONA, FL 32725

Dear SEAN T WHITE :

**GREAT NEWS** from Caliber Home Loans! Caliber has reviewed your account and determined that you qualify for a loan modification. If you decide to accept the enclosed loan modification offer, you can expect the following exciting changes to your loan:*

Current Monthly Mortgage Payment: $2,064.40
Proposed Monthly Payment: $1,596.71*

**You already qualify for this offer, so accepting is easy!** Carefully read and follow these two simple steps:

1. Review the enclosed Loan Modification Agreement and if you agree to the terms and conditions, then:
    a. Have all original borrowers sign and date the agreement in front of a witness.
    b. Have the witness also sign where noted (this is very important; we may delay the final processing of the modification if this is missing).
    c. Borrower(s) must be in the presence of a notary the same day the documents are signed and dated (if required).
2. Using the enclosed prepaid envelope, return to us:

    Original signed Loan Modification Agreement (make a copy for your records).

Note that all proposed payments include taxes and insurance, regardless of your prior payment arrangement. This is a limited time offer, so you must return the signed Loan Modification Agreement to Caliber at: **Caliber Home Loans, Inc. Attn: Loss Mitigation Modification, 13801 Wireless Way, Oklahoma City, OK 73134** by no later than 10/31/2018.

Caliber remains committed to working with our borrowers, so please contact us with any questions or to discuss other potential alternatives. Our modification specialists are available to help you with any questions, Monday through Friday, 8:00 AM – 7:00 PM Central Time at 1-800-401-6589.

SPOC Department
Caliber Home Loans, Inc.

* New monthly payment will be accomplished through a capitalization of outstanding balances and/or an extension of the maturity date as set forth in the Modification Agreement. Borrower(s) is informed that forgiveness of principal may have adverse credit and legal consequences and may result in taxable income to Borrower(s).

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge:** If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

This document was prepared by: Caliber Home Loans Inc.

## LOAN MODIFICATION AGREEMENT – 5 YEAR WITH STEP

**To the Borrower: This Agreement contains changes in terms which affect your Loan secured by the Property identified below. This is a legal obligation and you should read and understand the terms of this Agreement before you sign it.**

**This Agreement (the "Agreement") is dated as of 10/12/2018 but effective as of the Modification Effective Date defined herein, by and between SEAN T WHITE (collectively, the "Borrower" or "you") and Caliber Home Loans, Inc. (the "Servicer"), on behalf of the current owner of your loan (the "Lender").**

**RECITALS:**

A. Borrower has a mortgage loan, account number [redacted] (the "Loan"). This loan is secured by property commonly referred to as 1000 DOYLE RD DELTONA, FL 32725 (the "Property").

B. Borrower signed the following documents in connection with the Loan:

- Note dated 4/10/2009 in the original amount of $280,000.00 (the "Note").
- Mortgage, Security Deed, or Deed of Trust on the Property, recorded in real property records of VOLUSIA County, FL (the "Security Instrument"), with an original stated maturity date of 5/1/2039.
- The Note and the Security Instrument, together with all documents executed in relation to the Note and the Security Instrument, and in addition to any loan modification previously entered into by Borrower, are called the "Loan Documents".

C. Borrower and Servicer want to modify the terms of the Note and Security Instrument.

In consideration of the foregoing Recitals and the terms, conditions, representations and warranties, and mutual covenants and agreements herein, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower and Servicer (collectively, the "Parties"), mutually agree as follows:

1. **Conditions to Effectiveness of Agreement.**

   a. This Agreement will only be effective after Borrower signs and returns a signed original of this Agreement to Servicer on or before 10/31/2018.

   b. Lender will not be obligated or bound to make any modification of the Loan Documents if the Borrower fails to meet any of the requirements under this Agreement.

2. **Modification of the Loan Documents**

   If the conditions of this Agreement are satisfied, then the Loan is modified as follows:

a. Modification Period: The payments on your loan will be modified from the effective date of the modification, which will be 11/1/2018 (the "Modification Effective Date"). You will pay the initial modified amount from the Modification Effective date until 11/1/2023 ("Initial Modification Period"). At the end of the Initial Modification Period, and beginning at Year 6, your interest rate and corresponding monthly principal and interest payment will increase in accordance with the table below until 11/1/2025, when your interest rate will remain fixed for the balance of the term of your Loan.

b. Term Extension: The term of the Note has been extended and the new maturity date of the Loan will be 11/1/2058.

c. Modified Principal Balance: On the Modification Effective Date, the unpaid principal balance payable under the Note is $255,824.51 (the "Modified Unpaid Principal Balance"). This amount consists of $255,824.51 remaining due under the original terms of the Note, plus some or all other unpaid amounts that are capitalized into the modified Loan (the "Capitalized Amounts").

   Borrower understands that by agreeing to add the Capitalized Amounts, including unpaid interest, to the outstanding balance, those amounts accrue interest based on the terms of this Agreement. Borrower further understands that the Capitalized Amounts would not accrue interest without this Agreement.

d. Modified Monthly Payment Amount: You promise to make modified monthly payments in an amount set forth in the table below beginning on the First Modification Payment Date and ending on the Maturity Date. The total modified monthly payment amount may include modified monthly principal and interest payments, any monthly escrow payments (to the extent Servicer will pay escrowed amounts), and monthly payments for Ancillary Amounts, as identified below.

e. Modified Interest Rate: Interest will be charged on the Modified Unpaid Principal Balance at a rate of 2.50% (the "Modified Interest Rate") beginning on the Modification Effective Date. You will make modified monthly principal and interest payments based on this Modified Interest Rate as applied to the Modified Unpaid Principal Balance beginning on the First Modification Payment Date and ending at the end of the Initial Modification Period.

f. Interest Calculation: If your loan documents call for interest to be calculated using daily simple interest, or DSI, this Agreement permanently modifies your Loan so that interest is calculated on a monthly basis, also known as interest in arrears.

Summary of the Initial Modification Period Payments:

| | |
|---|---|
| Modified Unpaid Principal Balance: | $255,824.51 |
| Modified Interest Rate: | 2.50% |
| Modified Monthly Principal and Interest Payment: | $843.65 |
| Monthly Escrow Payment (Taxes and Insurance)*: | $753.06 |
| **Total Modified Monthly Payment:** | **$1,596.71** |
| **First Modification Payment Date:** | **12/1/2018** |
| **Maturity Date:** | **11/1/2058** |

| Years | Interest Rate | Interest Rate Change Date | Monthly P+I Payment | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment | Payment Start Date | Number of Payments |
|---|---|---|---|---|---|---|---|
| 1-5 | 2.50% | 11/1/2018 | $843.65 | $753.06<br><br>May adjust periodically | **$1,596.71**<br><br>May adjust periodically | **12/1/2018** | 60 |
| 6 | 3.50% | 11/1/2023 | $975.33 | May adjust periodically | May adjust periodically | 12/1/2023 | 12 |
| 7 | 4.50% | 11/1/2024 | $1,113.68 | May adjust periodically | May adjust periodically | 12/1/2024 | 12 |
| 8-Maturity | 5.125% | 11/1/2025 | $1,202.72 | May adjust periodically | May adjust periodically | 12/1/2025 | 396 |

* Your Monthly Escrow Payment is an amount calculated in accordance with the Loan Documents, and Federal and State law. This amount may change from time to time if escrow items (taxes and insurance) increase or decrease.

3. **Events of Default.** A default under the terms of this Agreement constitutes a default under the terms of the Loan Documents. All the rights and remedies, stipulations, and conditions contained in the Loan Documents relating to default in the making of payments under the Loan Documents shall also apply to default in the making of the modified payments hereunder.

4. **Additional Covenants and Agreements.**

The Parties further agree to and acknowledge each of the following:

A. All persons who signed the Loan Documents must sign this Agreement in person or by an authorized representative, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) Servicer has waived this requirement in writing. Borrower, by signing this Agreement, will be presumed to have read this Agreement and understand the terms of this Agreement.

B. This Agreement supersedes the terms of any modification, forbearance, trial period plan or other workout plan that Borrower may have or have had in the past with Servicer or any prior servicer.

C. Except as specifically modified by this Agreement, the terms of the Loan Documents remain in full force and effect, and are duly valid, binding agreements, enforceable in accordance with their terms. This Agreement does not replace or release any terms in the Loan Documents, except as specifically modified by this Agreement. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents.

D. Borrower may not assign, and no person may assume, Borrower's rights under this Agreement or the Loan Documents without the prior written consent of the Servicer.

E. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

F. If Servicer makes advances for payment of taxes or insurance, accrues interest, or posts late or other fees or expenses to the Loan, each of which is permissible under the Loan Documents to add to amounts outstanding under the Note, between the date Servicer generates this Agreement and the date this Agreement is processed, then these amounts will either become Deferred Amounts under the Loan Documents, or will be offset with a portion of Good Faith funds, if applicable. Any addition of Deferred Amounts or offset of advances pursuant to this section will be reflected on Borrower's periodic statement.

Deferred amounts do not accrue interest. The Deferred Amounts will be due at the earlier of payment in full of the Note, acceleration, or the Maturity Date. If you sell the Property or refinance the Loan, you will be required to pay this Deferred Amount in addition to any other amounts due at that time. Otherwise, these amounts are due on the Maturity Date and are required to be paid at or before that time. This means that if you make all the payments required by this Agreement, you will still owe the Deferred Amount to the Servicer. The Deferred Amount may result in a significantly higher monthly payment on the Maturity Date.

G. Borrower will execute such other documents or papers as may be reasonably necessary or required to either (i) consummate the terms and conditions of this Agreement, or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. Borrower understands that either a corrected Agreement or a letter agreement containing the correction will be provided to Borrower for Borrower's signature. At the option of the Lender, if Borrower elects not to sign any such corrective documentation, the terms of the operative Loan Documents will continue in full force and effect, and such terms will not be modified by this Agreement.

H. This Agreement constitutes notice that any waiver by Servicer as to payment of taxes, insurance and other escrow items has been revoked. Borrower agrees and understands that Borrower will be required to pay certain escrow amounts as required by Servicer in accordance with applicable Federal and state law.

I. To the extent Servicer may deem it necessary, Borrower will cooperate with Servicer to the extent any filing or action is required in Borrower's Bankruptcy Case in order to (a) obtain approval of this agreement (b) modify Borrower's bankruptcy plan (if Borrower is in a Chapter 13 bankruptcy) or (c) amend the proof of claim filed by Servicer with respect to this debt. If you are presently subject to a proceeding in Bankruptcy Court, the terms of this Agreement may be subject to Court approval in your jurisdiction. If Court approval is required in your jurisdiction, and the Court denies this Agreement, your Loan will revert to the terms in effect immediately prior to this Agreement, and will remain in full force and effect.

5. **No Waiver.**

Except as specifically provided herein, the Security Instrument shall remain unaltered and in full force and effect and is hereby ratified and confirmed by the Parties hereto. This Agreement shall

not constitute a novation of the Security Instrument. The execution, delivery and effectiveness of this Agreement shall not, except as expressly provided herein, operate as a waiver of any right, power or remedy of any party under the Security Instrument.

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations**.

In Witness Whereof, Servicer and Borrower have executed this Modification Agreement as of the dates indicated below.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement:

SEAN T WHITE

Witness Signature

1000 Doyle Road, Deltona, FL 32725
Address

Dawn K. Bragg
Printed Witness Name

Date: 10/15/18

Witness Signature

Address

Printed Witness Name

Date: ____________________

Witness Signature

Address

Printed Witness Name

Date: ____________________

Account Number: [redacted]

Caliber Home Loans, Inc.

By: ____________________

Date: ____________________

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

CASE NO.: 6:15-bk-09973-KSJ

SEAN T WHITE
AKA SEAN THOMAS WHITE

CHAPTER: 13

Debtor(s).
_____________________________________________/

**ORDER GRANTING MOTION TO APPROVE PERMANENT MORTGAGE MODIFICATION**

This matter came before the Court:

☒ On the Creditor's Agreed Motion to Approve Permanent Mortgage Modification Agreement with Caliber Home Loans, Inc. servicer for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("Lender").

**ORDERED** as follows:

1. The Agreed Motion to Approve Permanent Mortgage Modification Agreement between the Debtor and Lender regarding real property located at **1000 Doyle Road, Deltona, FL 32725** is granted.

2. The parties are authorized to take any and all necessary actions to effectuate the terms of the Agreement.

3. Payments should be sent to Select Portfolio Servicing, Inc., PO Box 65450 Salt Lake City, UT 84165-0450

4. [For chapter 13 cases] The Debtor shall amend/modify the last filed Chapter 13 plan on or before December 1, 2018 to provide for the payment.

5. The Court reserves jurisdiction to enforce the terms of the Agreement and this Order.

###

**Submitted by:**
BRIAN L. ROSALER, Esq
POPKIN & ROSALER, P.A.
Attorney for Secured Creditor
1701 West Hillsboro Boulevard, Ste 400
Deerfield Beach, FL 33442
Telephone: (954) 360-9030
Facsimile: (954) 420-5187
bankruptcy@popkinrosaler.com

Creditor's Attorney, Brian Rosaler, shall serve a conformed copy of this Order upon all parties of interest and shall file a Certificate of Service in accordance with Local Rules.