**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE:**

**SEAN T WHITE** **CASE NO.: 6:15-bk-09973-KSJ**
**Chapter 13**

**Debtor.**

---

**DEBTOR'S RESPONSE TO MOTION TO VACATE AGREED ORDER GRANTING PERMANENT MODIFICATION**

Debtor. Seam T White ("Debtor"), by and through undersigned counsel, hereby responds and objects to the Secured Creditor's Motion to Vacate Agreed Order Granting Permanent Modification [Dkt. 49] and asserts as follows:

FACTS AND PROCEDURAL BACKGROUND

1. Debtor initiated this proceeding on November 25, 2015 (the "Petition Date") by filing for relief under Chapter 13 of title 11 of the United States Bankruptcy Code.

2. Debtor listed his real property located at 1000 Doyle Road, Deltona, FL 32725 (the "Property") as exempt on Schedule C. [Dkt. 1, p.14]

3. At the time the Debtor filed his Chapter 13 Plan (the "Plan"), the debt which was held by Ocwen and was listed in the Section 5(B) of the Plan under "Claims Secured by Real Property/Debtor intends to seek Mortgage Modification." [Dkt. 2, p.2]. This was a payment in the amount of $2100.00.

4. Caliber entered its appearance as the servicer on this loan on May 27, 2016.

5. Debtor sought mortgage modification through the court's mortgage modification mediation system. A Trial Mortgage Modification was offered and accepted prior to the scheduled mediation. This offer was made by Caliber.

6. The agreement that was reached by the parties was approved by this court in its Order Granting Motion for Approval of Temporary Mortgage Modification Mediation Agreement (Doc 19) on May 18, 2016.

7. On June 15, 2016, this Court entered its Order Confirming Chapter 13 Plan (Doc 23).

8. The Debtor complied with the Trial Modification Agreement and made their fist three payments timely to the Trustee.

9. Debtor signed the modification agreement on August 22, 2016 and sent it directly to Caliber as shown on page 5 of the Trial Agreement.

10. Debtor continued to make payments to the Chapter 13 Trustee in the amount of $2,302.00 and $1,964.54 (modification agreement amount) has been sent monthly to Caliber by the Trustee with no missed payments as shown in the Trustee Account Ledger.

11. Debtor emailed the singed Trial Modification Agreement to calibermods@caliberomeloans.com (Caliber modification email address) on Monday, August 22, 2016 at 4:54 PM.

12. Clearly, the Debtor intended to pay Claim 4-2 through the Trustee as they included Claim 4-2 in their Plan, they sought mortgage modification and the Court granted said modification.

13. Debtor intend to keep the Property and finalize the permanent loan modification that was agreed on by involved parties.

14. After the filing of Debtor's Motion to Enforce Modification, [Dkt. 31], the Secured Creditor made an offer to resolve the Debtor's Motion to Enforce inside of its response to such.

15. On October 15, 2018, the Secured Creditor then forwarded an additional and final letter regarding the permanent modification and attached a permanent modification to such. The letter was in writing and was the last offer made to the Debtor.

16. The Debtor executed and returned the permanent loan modification to the Secured Creditor as required.

17. At this point, the loan has been consummated and the loan was modified.

18. The Debtor and Secured Creditor then filed its Joint Motion to Approve the Permanent Modification. [Dkt. 39].

19. The Motion was drafted by the Secured Creditor and submitted to the court by the Secured Creditor. Further, in paragraph 6 of the Joint Motion to Approve the Permanent Modification, it states that "The "New Principal Balance" on the note is $255,824.51, which shall be amortized as set forth below:" Then, in the joint motion, there was a summary of the modification that again stated the principle was in the amount of $255,824.51. There is no mention of this approximately $82,000 in additional monies on the loan.

20. The Debtor relied on those representations when entering into the permanent modification agreement and was of the understanding the loan modification did not include the now requested $82,000.00.

21. The Order now being sought to be challenged was an Agreed Order on a Joint Motion.

22. Debtor has been forced to engage the undersigned to defend this Motion and has agreed to pay up to $1000.00, depending on if this matter goes to an evidentiary hearing, to defend this Motion and seeks recuperation of such attorney fees and costs.

<u>LEGAL ARGUMENT</u>

23. The Secured Creditor fails to cite which rule, statute, code provision or what authority this Honorable Court has to vacate the Agreed Order on a Joint Motion. As such, the Motion fails and should be denied.

24. This Motion fails to assert any Rule 60(b) grounds, thus a motion to vacate must be denied. In re Sweet, No. 6:12-bk-03271-KSJ, 2012 Bankr. LEXIS 5328, at *3-4 (Bankr. M.D. Fla. Nov. 15, 2012) (where a motion to vacate does not cite Rule 60(b) grounds, it is appropriate to deny the motion).

25. The request is barred by the parole evidence rule as well. The Secured Creditor has sought recession of valid enforceable contract and seeks to utilize parole evidence to prove the terms of a "hypothetical contract." Parole evidence is not proper to illustrate the terms of a valid contract. *In Re: University Drive Professional Complex, Inc.*, 101 B.R. 790 (SDFL 1989)("Those defenses and counterclaim must fail, as a matter of law, because those defenses and counterclaim are based upon parol evidence which would necessarily vary, contradict or modify the clear and unambiguous language of the loan documents. The defenses are insufficient as a matter of law under the parol evidence rule. *See e.g., Central Bank & Trust Co. v. Diaz,* 442 So.2d 1005 (Fla. 3d DCA 1983); *General Motors Acceptance Corp. v. Marlar,* 761 F.2d 1517 (11th Cir. 1985)").

26. The term cited by the Secured Creditor in the contract as a ground to vacate the Order is supposed to be there to provide for scrivener errors or other simple matters, not essential and clearly large issues regarding the essential terms of the contract.

27. Debtor reserves the right to assert additional defenses to this matter in any further written or oral presentations on the Motion.

WHEEFORE, Debtor request that this Honorable Court enter an order (a) enforcing a

permanent modification with Caliber Home Loans ("Caliber"); (b) denying the Secured Creditor's Motion; (c) awarding attorneys fees and costs to the Debtor; and any other relief this Court deems appropriate.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF delivery, electronic mail or regular United States First Class mail on this 6th day of March, 2019 to:

Laurie K Weatherford, Standing Chapter 13 Trustee, P.O. Box 3450, St. Winter Park, FL 3279

U.S. Trustee, United States Trustee - Orl7/13, 7 Office Of The United States Trustee George C Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, Fl 32801

Caliber Home Loans, Inc., c/o Brian Rosaler, Esq., 1701 West Hillsboro Boulevard, Ste 400, Deerfield Beach, FL 33442

Sean T White, 1000 Doyle Road, Deltona, FL 32725

**/s/ Christopher Hixson, Esq.**
Christopher Hixson, Esq.
Fla. Bar No. 41158
*Attorney for Debtor*
Service Email: filings@kovarlawgroup.com
Other Email: chris@kovarlawgroup.com
Kovar Law Group
Mailing Address:
6617 Gulfport Blvd. S.
South Pasadena, FL 33707
(727) 827-7777